UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PATRICIA JOHNSON                                                                                        PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:11CV-446-S

MICHAEL J. ASTRUE, Commissioner
of Social Security                                                                                      DEFENDANT

## MEMORANDUM OPINION

This matter is before the court for consideration of the objections of the plaintiff, Patricia Johnson, to the Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge that the decision of the Commissioner of Social Security to deny her Supplemental Security Income ("SSI") benefits be affirmed.

Administrative Law Judge ("ALJ") Don Paris found that Johnson had not engaged in substantial gainful activity since June 3, 2008 and had the severe impairment of major depressive disorder. However, he found that she did not have an impairment or combination of impairments that met or medically exceeded one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. He concluded that Johnson had the residual functional capacity to perform her past relevant work as a bottling line attendant at the Jim Beam facility, and thus found that she was not disabled.

Johnson filed suit pursuant to 42 U.S.C. § 405(g) to obtain review of the final decision of the Commissioner urging that ALJ Paris committed reversible error at step 2 of the sequential evaluation process when he failed to include her migraine headaches as a severe impairment. She contends that

- 2 -

this was reversible error because the ALJ did not include in his residual functional capacity assessment any of the purportedly well-documented limitations caused by migraine headaches. She claims that migraine headaches necessitate that she lie down regularly and avoid physical activity. She claims that the medications prescribed by her treating physician cause her to have blurred vision, dizziness and drowsiness.

Johnson has moved for summary judgment on her claim and the Commissioner filed his fact and law summary in response. The magistrate judge reviewed the record as a whole and considered the arguments of the parties. He found that the record contained diagnostic images of Johnson's brain which indicated some identifiable abnormalities. Treatment notes repeatedly reflected complaints of significant headaches during the period December 2008 through January 2010. The magistrate judge concluded that the ALJ erred in failing to find that her migraine headaches constituted a severe impairment at step 2 of the analysis.

Johnson urges that the ALJ failed to consider her headaches in deciding whether she was prohibited from performing any substantial gainful activity. The magistrate judge concluded, however, that despite the ALJ's determination that Johnson's headaches did not constitute a severe impairment, he properly considered all of Johnson's impairments, severe and non-severe, in concluding that she had the residual functional capacity to return to her past relevant work as a bottling line attendant.

The ALJ considered the alleged limitations, but found that Johnson's testimony as to the intensity, persistence, and limiting effects of her symptoms was not credible. The ALJ noted a significant number of inconsistencies between her alleged symptoms and the treatment records, and concluded that her testimony concerning the severity of her symptoms was not credible. The

magistrate judge found that ALJ's credibility determination was supported by the record and should be given deference. In determining her residual functional capacity, the ALJ limited Johnson to simple work activities in a low-stress, object-focused work environment in which contact with co-workers and supervisors would be infrequent and casual in a non-public work setting in which changes in work activities would be routine and gradual. The magistrate judge found no error in the ALJ's analysis and concluded, in accordance with *Miziarz v. Secretary,* 837 F.2d 240, 244 (6th Cir. 1987), any error in failing to find Johnson's migraine headaches to be a severe impairment at step 2 was harmless error, as ALJ Paris considered all her impairments in the remaining steps of the sequential evaluation.

Johnson objects to the magistrate judge's reliance on the holding in *Miziarz*. *Stephens v. Astrue*, No. 09-55-JBC, 2010 WL 1368891 (E.D.Ky. 2010) cited by Johnson is inapplicable inasmuch as the ALJ's analysis in *Stephens* contained no reference to an impairment found not to be severe at step 2 in the analysis.

Having conducted a *de novo* review of the record and the magistrate judge's report in light of the objections thereto, we find Johnson's objections to be without merit. The findings and conclusions of the magistrate judge will be accepted and adopted in their entirety and the Commissioner's denial of benefits will be affirmed by separate order.

**IT IS SO ORDERED.**

May 16, 2012

Charles R. Simpson III, Judge
United States District Court